IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRUMAN SCOTT,

      Petitioner,

v.                                                  CIVIL ACTION NO. 1:16CV119
                                                      (Judge Keeley)

JENNIFER SAAD, WARDEN,

      Respondent.

## **REPORT AND RECOMMENDATION**

### **I. BACKGROUND**

On June 17, 2016, Truman Scott, ("Petitioner") filed, by counsel[1], a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. On June 17, 2016, he paid the $5.00 filing fee. On June 23, 2016, the Court entered an Order to Show Cause

---

[1] Counsel is Edward Smith, Jr., who is not licensed in the State of West Virginia. On the same day the petition was filed, the Clerk of Court sent Mr. Smith a Verification of Attorney Admission. ECF No. 3. That form contained a cite to this Court's website where the Application for Admission *pro hac vice* can be found. On July 20, 2016, the case manager assigned to this case left a voice mail message for Mr. Smith regarding his Verification of Attorney Admission. On July 21, 2016, the case manager regenerated the NEF regarding the Verification per his request. On September 21, 2016, because Mr. Smith had never filed his Application for Admission *pro hac vice*, a Show Cause Order was entered directing Mr. Smith to show good cause why he should not be sanctioned for filing a Petition for Writ of Habeas Corpus with a court before which he is not admitted to practice. ECF No. 10. On September 30, 2016, Mr. Smith filed a response indicating that his legal secretary had misunderstood his instructions which were to file the petition *pro se* on behalf of Mr. Scott in order to give him time to seek approval to represent him in this Court. In effect, it would appear that Mr. Smith intended to file what is tantamount to a "ghost written" petition. On October 11, 2016, Mr. Smith filed a Motion for Leave to Appear Pro Hoc Vice but without providing the name of a Responsible Local Attorney let alone the signature of a Responsible Local Attorney. The undersigned takes no position on whether sanctions are appropriate in this matter.

directing the Warden to show cause why the writ should not be granted. ECF No. 5. On July 14, 2016, the Acting Warden filed a Motion to Dismiss and Response to Order to Show Cause and Memorandum in Support of Respondent's Motion to Dismiss and Response to Order to Show Cause. ECF Nos. 8 & 9. Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Eastern District of North Carolina. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. **FACTS**

On February 1, 1999, a jury found Petitioner guilty of a six-count indictment that charged him and two others with: Count One, conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; Counts Two, Three and Four, interference with commerce by threat or violence in violation of 18 U.S.C. § 1951; and Counts Five and Six, violent crime/drugs, machine gun in violation of 18 U.S.C. § 924(c). ECF 9-1 at 4, 17. On April 19, 1999, Petitioner was sentenced on Count 1 to 405 months imprisonment; on Counts 2, 3 and 4 to 240 months imprisonment to run concurrently with the sentence in Count 1; on Count 5 to 120 months imprisonment to be served consecutive to the sentences on Counts 1-4; and on Count 6 to 240 month imprisonment to be served consecutive to the sentences in Counts 1-5.[2] Id. at 19.

Petitioner appealed his convictions to the United States Court of Appeals for the Fourth Circuit which affirmed his convictions on all counts on March 14, 2000. Id. at

---

[2]Petitioner's projected release date is May 26, 2047. See Inmate locator at

21. Petitioner filed a petition for writ of certiorari with the United States Supreme Court which was denied on November 27, 2000.³

Petitioner filed a writ of error *coram nobis* which was denied by the Fourth Circuit on September 25, 2000. Id. at 23. On November 21, 2001, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255 which was denied on August 28, 2003. Id. at 26. Petitioner appealed this denial on September 22, 2003. Id. The Fourth Circuit dismissed the appeal on December 30, 2003. Id. at 27. The petition for rehearing and for rehearing en banc was denied on March 30, 2004. Id. Petitioner filed a motion for relief from final judgment under Fed. R. Civ. P. 60(b) on January 9, 2007, which was denied on January 25, 2007. Id. at 29. Petitioner appealed on February 8, 2007. The appeal was dismissed on April 19, 2007. Id. at 30. Petitioner filed a motion to discontinue sentence on August 16, 2010, which the Court construed as a motion to vacate under 28 U.S.C. § 2255 and denied January 25, 2011. Id. at 33. A Certificate of Appealability was denied on August 2, 2011. Id. at 35. A motion to reconsider was denied on August 19, 2011. Id. Petitioner appealed on September 20, 2011, and the appeal was dismissed February 3, 2012. Id. at 36. Petitioner then filed another motion to vacate under 28 U.S.C. § 2255 on September 24, 2012 which was dismissed on September 27, 2012.⁴ Id. Petitioner filed a Motion for Reduction of Sentence -

---

BOP.gov.

³See Docket Entry 55 in Court of Appeal Docket # 99-4299 (4th Cir.) available on PACER.

⁴As in his pending § 2241 petition, Petitioner's claims arose from the federal prosecution and conviction of law enforcement personnel following an investigation entitled "Operation Tarnished Badge." Operation Tarnished Badge was a joint state and federal investigation of

3

crack cocaine offense which was denied on July 11, 2014. Id. at 39.

### III. Pleadings

In his pending Petition for Relief Under 28 U.S.C. 2241, Petitioner contends that after his trial was over and his appeal completed, he discovered that there was favorable evidence that was known to the State but not provided to him as required by Brady v. Maryland. More specifically, Petitioner alleges that in 2006, he received a letter from the court reporter[5] which indicated that after Court had adjourned, she was approached by two prosecutors as well as several federal agents requesting that she turn over all recorded transcripts from his trial including her hand written notes. ECF No. 1-1 at 2. Petitioner maintains that there was evidence in those transcripts and other documents that pointed to his innocence. In addition, Petitioner alleges that Robert Percy, a federal inmate, sent a letter to Frank Dupree, Senior District Judge, on April 11, 2001, indicating that he had discovered evidence that Task Force Investigators had a fraudulent indictment drawn up and had the court reporter alter the minutes of the detention hearing so that it could never be deciphered and used. ECF No. 1-3 at 3. Petitioner also alleges that he discovered after trial that the Clerk of Court signed the arrest warrant as opposed to a District Judge or Magistrate Judge. ECF No. 1-5 at 2.

---

corrupt law enforcement officers in Robeson County, North Carolina. The investigation resulted in over twenty (20) federal convictions, including the conviction of former Robeson County Sheriff Glenn Maynor and nearly his entire command structure. In his § 2255, Petitioner alleged officers of the Robeson County Sheriff's Department fabricated evidence and testified falsely against him in retaliation for his refusal to participate in a drug dealing scheme with the officers. ECF No. 9-5 at 2-3.

[5]Petitioner actually indicates that the letter was from the Clerk of Court. However, his exhibit establishes that it was a court reporter.

Petitioner maintains that the authority to issue arrest warrants rests with the judges of the Court as mandated by the United States Supreme Court. Petitioner further alleges that he received a letter from his nephew informing him that he had told the police that Petitioner did not commit the crime and did not tell him to commit the crime. ECF No. 1-6. Petitioner maintains that this information was never given to him during trial. Finally, Petitioner alleges that after trial, he discovered that several police officers involved in his case were, themselves, convicted for the same acts [ECF No.1-7], and he received a letter from Deputy C.T. Strickland, one of the convicted officers, telling him that his testimony was deleted from the transcript. ECF No. 1-8 at 2. Based on these alleged Brady violations, Petitioner maintains that he is actually innocent of the crimes for which he was convicted. For relief, he seeks an order vacating his conviction and sentence and an immediate release from confinement. In addition, he requests that he be compensated for the unconstitutional deprivation of his liberty.[6]

In his Motion to Dismiss, Respondent argues that the petition does not merit relief because Petitioner cannot show that § 2255 is inadequate and ineffective. In addition Respondent argues that Petitioner failed to establish that he exhausted his administrative remedies.[7]

---

[6]To the extent that Petitioner seeks monetary relief, he would be required to file a Bivens action and only after his conviction was reversed.

[7]The undersigned finds this argument puzzling as it is clear that the BOP could not possibly address the issues raised in this petition. Moreover, the undersigned can think of no other similar petition in which the Respondent raised the issue of exhaustion of administrative grievances.

5

## IV. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction of the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827,830 (5th Cir. 2001); Pack v. Yusiff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie,

207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when; (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[8]

Id. at 333-34.

Although Petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. § 1951, 21 U.S.C. § 846 and 18 U.S.C. § 924(c) remain criminal offenses.[9]

Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements. Accordingly, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly

---

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[9] The undersigned recognizes that Petitioner claims that he is "actually innocent." However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.

filed a § 2241 petition.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss [ECF No. 8] be **GRANTED**, and Petitioner's application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED WITH PREJUDICE.** The undersigned further recommends counsel's Motion for Leave to Appear Pro Hoc Vice [ECF No.12] be **DENIED** because counsel has failed to provide the name or signature of a Responsible Local Attorney.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this Recommendation will result in waver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record via electronic means.

DATED: October 12, 2016.

/s Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE