IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TRUMAN SCOTT,**

           **Petitioner,**

**v.**                    //    **CIVIL ACTION NO. 1:16CV119**
                                     **(Judge Keeley)**

**JENNIFER SAAD, WARDEN,**

           **Respondent.**

       **ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13],**
       **GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 8], AND**
       **DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

     On June 17, 2016, petitioner Truman Scott ("Scott"), by counsel, Edward Smith, Jr. ("Smith"), filed a "Petition for Writ of Actual Innocence/Petition for Writ of Habeas Corpus Under Title 28 Sections 2241" ("Petition") (Dkt. No. 1). Pursuant to Local Rule of Civil Procedure 72.01, the Petition was referred to the Honorable Michael J. Aloi, Magistrate Judge, for initial review. On June 23, 2016, Magistrate Judge Aloi directed the respondent to show cause why the petition should not be granted (Dkt. No. 5). The respondent did so on July 14, 2016, and she also moved to dismiss the petition (Dkt. No. 8).

     On October 12, 2016, Magistrate Judge Aloi filed a Report and Recommendation ("R&R") (Dkt. No. 13), in which he recommended that the Court deny Smith's application to be admitted pro hac vice. Id. at 8. In addition, the R&R recommended that the petition under § 2241 be denied with prejudice because Scott has not demonstrated

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13],
GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 8], AND
DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

that § 2255 is an inadequate or ineffective remedy by which to attack the validity of his conviction and sentence. Id. Specifically, the R&R concluded that Scott had not established his entitlement to the application of § 2255's savings clause pursuant to the test articulated in In re Jones, 226 F.3d 328 (4th Cir. 2000). Magistrate Judge Aloi also informed the parties of their right to file any objections within 14 days of receiving the R&R (Dkt. No. 13 at 8).

On November 9, 2016, the Court entered an order denying Smith's application to be admitted pro hac vice, and further informed Scott of his right to file objections to the R&R despite Smith's failure to obtain the ability to make such a filing on his behalf (Dkt. No. 15 at 3-4). It directed the Clerk to send Scott certain documents that he would need to review the R&R, and directed Scott to file any objections within 14 days following receipt of the Order. Id. at 4. Scott received the R&R and additional documents on November 14, 2016 (Dkt. No. 16). Thereafter, on December 6, 2016, he moved for an extension of time in which to file his objections (Dkt. No. 17). The Court granted the motion (Dkt. No. 18), and on December 22, 2016, Scott filed his timely objections (Dkt. No. 20).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 8], AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

This Court is required to review de novo only those portions of the magistrate judge's findings to which objection has been made. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). "[T]he Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Id.

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94

**SCOTT V. SAAD**  1:16CV119

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 8], AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

& n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Here, Scott's objections to the R&R fail to raise "any specific error in the magistrate's review." McPherson, 605 F. Supp. 2d at 749. Rather, he queries the Court "what rule of law mandates" that he cannot "be freed when the Constitution has been openly violated" (Dkt. No. 20 at 2). He also appears to take issue with the fact that he must show 28 U.S.C. § 2255 to be inadequate or ineffective in order to challenge his conviction under 28 U.S.C. § 2241. Id.

Given the general and conclusory nature of these objections, the Court is under no obligation to conduct a de novo review of the R&R. See McPherson, 605 F. Supp. 2d at 749. After reviewing the R&R and the record for clear error, the Court adopts the recommendation of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 13).

In conclusion, therefore, the Court:

1.  **ADOPTS** the R&R (Dkt. No. 13);

2.  **GRANTS** respondent's motion to dismiss (Dkt. No. 8); and

SCOTT V. SAAD                                                    1:16CV119

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 8], AND DENYING PETITION PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

    3.   **DENIES** and **DISMISSES with prejudice** the petition pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff by certified mail, return receipt requested.

DATED: December 23, 2016.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE